Opinion issued June 28, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00473-CR






CLIFFORD WINFREY JR. Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1028859





MEMORANDUM OPINION


 Appellant, Clifford Winfrey Jr., pleaded guilty, without an agreed punishment
recommendation from the State, to the offense of aggravated robbery, enhanced by
prior convictions for burglary of a habitation and possession of a controlled
substance. See Tex. Pen. Code Ann. § 29.03(a)(2)-(3) (Vernon 2003). Having
found appellant guilty and the enhancement paragraphs true, the trial court assessed
punishment at 40 years in prison. Appellant's appellate counsel has submitted a brief
stating that, in his professional opinion, the appeal is without merit and there are no
arguable grounds for reversal on appeal. See Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967). Appellant has filed a pro se response, contending that
there is an arguable basis for reversal on appeal, specifically, his trial counsel's
ineffective assistance. We affirm.

Background


 On January 30, 2006, appellant pleaded guilty to the offense of aggravated
robbery and pleaded true to two enhancement allegations of the prior felonies of
burglary of a habitation and possession of a controlled substance. The trial court
deferred finding appellant guilty until a pre-sentence investigation ("PSI") report
could be made. On April 12, 2006, the punishment hearing occurred, during which
the complainant, appellant's mother, and appellant testified. The trial court then
found appellant guilty, found the enhancements true, and assessed appellant's
punishment.


Anders Procedure


 The brief submitted by appellant's court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel's brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant's counsel has advised the Court that he sent a copy of the Anders
brief to appellant and notified appellant of his right to review the record and to file
a pro se response. Counsel had also requested permission to withdraw from
representing appellant on appeal. Appellant has filed a pro se response to his
counsel's Anders brief.
 Upon receipt of an Anders brief from an appellant's court-appointed attorney
who asserts that no arguable grounds for reversal on appeal exist, we must determine
that issue independently by conducting our own review of the entire record. See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court--and
not appointed counsel--determines, after full examination of proceedings, whether
case is "wholly frivolous"); Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App.
1991) (quoting Anders for this rule). In conducting our review, we consider any pro
se response that the appellant files to his appointed counsel's Anders brief. See
Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005).
 Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. See Bledsoe, 178
S.W.3d at 826-27. If we determine that arguable grounds for appeal exist, we must
abate the appeal and remand the case to the trial court to allow the court-appointed
attorney to withdraw. See id. at 827. The trial court must then either appoint another
attorney to present all arguable grounds for appeal or, if the defendant wishes, allow
the defendant to proceed pro se in the appellate court. See id. We do not rule on the
ultimate merits of the issues raised by the appellant in his pro se response. Id. 
Rather, if we determine that there are arguable grounds for appeal, the appellant is
entitled to have new counsel address the merits of the issues raised. Id. "Only after
the issues have been briefed by new counsel may [we] address the merits of the issues
raised." Id.
 If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court's judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826, 828. The holding that there are no arguable
grounds for appeal is subject to challenge through a petition for discretionary review
filed in the Court of Criminal Appeals. Id. at 827 & n.6.
 In accordance with Anders, 386 U.S. at 744-45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826-28, we have reviewed the record, appellant's appointed counsel's
Anders brief, and appellant's pro se response to that brief, and we conclude that no
arguable grounds for reversal exist.

Conclusion


 We affirm the judgment of the trial court and grant appointed counsel's motion
to withdraw.



 Tim Taft

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. See Tex. R. App. P. 47.2(b).